IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Harold S. Mosley, #137525,<br>a/k/a Shango Damballah,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NFN O'Brien, Security Threat Investigator;<br>NFN Pearson, Sergeant, Security Threat<br>Investigator; NFN Hodges, Sergeant;<br>NFN Durant, Officer; J. Sharp, Officer;<br>Richard E. Bazzle, Warden, Perry<br>Correctional Institution; NFN Gore,<br>Captain; NFN James, Lieutenant, sued for<br>declaratory and injunctive relief in their<br>official capacities and for damages in<br>their individual capacities; and South<br>Carolina Department of Corrections, sued<br>supplementally for injunctive relief and for<br>damages,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 2:05-1281-HMH-RSC<br><br>**OPINION & ORDER** |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b)(1) (West

Supp. 2005) and Local Rule 73.02 DSC.[1]  Harold S. Mosley, a/k/a Shango Damballah

("Mosley"), a state prisoner proceeding pro se, alleges various violations to his civil rights

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

under 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Carr

recommends dismissing the case with respect to defendants NFN O'Brien ("O'Brien"),

Lieutenant Hodges ("Hodges"), NFN Durant ("Durant"), and J. Sharp ("Sharp") pursuant to

Rule 4(m) of the Federal Rules of Civil Procedure for failure to prosecute. In addition, on

January 9, 2006, Mosley filed a motion to stay the dispositive motion deadline to allow him to

serve O'Brien, Hodges, Durant, and Sharp.

     Mosley filed objections to the Report and Recommendation. Objections to the Report

and Recommendation must be specific. Failure to file specific objections constitutes a waiver

of a party's right to further judicial review, including appellate review, if the recommendation

is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th

Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

Magistrate Judge, this court is not required to give any explanation for adopting the

recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

     Mosley objects to the Magistrate Judge's recommendation to dismiss O'Brien, Durant,

Hodges, and Sharp for failure to effect service on them pursuant to Rule 4(m) of the Federal

Rules of Civil Procedure. Rule 4(m) states:

> If service of the summons and complaint is not made upon a defendant within
> 120 days after the filing of the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss the action without prejudice
> as to that defendant or direct that service be effected within a specified time;
> provided that if the plaintiff shows good cause for the failure, the court shall
> extend the time for service for an appropriate period.

On June 20, 2005, Magistrate Judge Carr authorized service of process by the clerk, and

summonses were issued for all the defendants. On July 14, 2005, the United States Marshals

2

Service ("USMS") returned the summonses executed as to all defendants except for O'Brien, Durant, Sharp, and Hodges. The South Carolina Department of Corrections ("SCDC") indicated that they could not identify O'Brien, Durant, Sharp, and Hodges. On November 16, 2005, Magistrate Judge Carr granted Mosley an additional twenty days to serve O'Brien, Durant, Sharp, and Hodges. In his order, Magistrate Judge Carr warned Mosley that if he failed to effect service on O'Brien, Durant, Sharp, and Hodges, these defendants would be dismissed for failure to prosecute. On December 12, 2005, the summonses were reissued to O'Brien, Durant, Sharp, and Hodges. Again, the USMS returned the summonses unexecuted because SCDC could not identify O'Brien, Durant, Sharp, and Hodges. As such, Magistrate Judge Carr recommends dismissing these defendants for failure to prosecute.

Mosley has shown good cause for his failure to serve Sharp and Hodges because he has provided the court with documentary evidence that Sharp and Hodges were or are employees of Lee Correctional Institute. Mosley provided a SCDC Operations Receipt Issue and Turn-In form completed by "Ofc. J. Sharp" dated October 23, 2003, and a copy of an incident report prepared by "Lt L Hodges" on June 8, 2005. (Mosley's Mot. Stay Dispositive Mot. Deadline Exs. A (Incident Report) & B (SCDC Operations Receipt).) Therefore, SCDC may have mistakenly indicated that it could not identify Sharp and Hodges. Based on the foregoing, the court declines to dismiss Sharp and Hodges from the case. Mosley shall have an additional thirty (30) days from the date of this order in which to effect service on Hodges and Sharp. Further, if the SCDC is unable to identify Hodges or Sharp, SCDC should note whether the reason the individual could not be identified is because they no longer work for SCDC.

Mosley has not shown good cause for his failure to serve O'Brien and Durant. As such, this case is dismissed as to O'Brien and Durant. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Carr's Report and Recommendation in part.

Therefore, it is

**ORDERED** that pursuant to Rule 4(m), this action is dismissed without prejudice as to Durant and O'Brien. It is further

**ORDERED** that Mosley has thirty (30) days from the date of this order in which to properly effect service on Hodges and Sharp.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 17, 2006