IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

USDC CLERK, CHARLESTON, SC

2007 NOV 13 P 1:49

| | |
|---|---|
| Harold S. Mosley, #137525, a/k/a Shango Damballah, ) ) ) | C. A. No. 2:05-1281-HMH-RSC |
| Plaintiff, ) ) | |
| -versus- ) ) | **REPORT AND RECOMMENDATION** |
| Eddie O'Cain; NFN Pearson; NFN Hodges; NFN Durant; NFN Sharp; Director Jon Ozmint; and South Carolina Department of Corrections, ) ) ) ) ) ) ) | |
| Defendants. ) | |

This civil rights action under 42 U.S.C. § 1983 (West 1994 & Supp. 1998) by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for pretrial supervision. 28 U.S.C. § 636(b).

The plaintiff, Harold S. Mosley, filed this action on May 16, 2005, and amended it on January 19, 2006. He sued Warden Jon Ozmint and Correctional Officer J. Sharp, as well as Officers O'Cain, Pearson, Hodges, Durant, and the South Carolina Department of Corrections. All defendants save Ozmint and Sharpe were dismissed from the action with prejudice on the parties' stipulation on November 8, 2007.

The defendants Ozmint and Sharp have never been served and have never made a voluntary appearance. The causes of action asserted against these Defendants should be dismissed.

1

Pursuant to Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be made within 120 days of the date the complaint is filed. See, Rule 4(m), FRCP; Mendez v. Elliott, 45 F.3d 75 (4th Cir. 1995). The Plaintiff filed his amended complaint which named the Defendant Ozmint on May 11, 2007. The 120-day deadline expired on September 10, 2007.

In addition, the plaintiff has never served the defendant Sharp. Defendant Sharp should also be dismissed because service upon him was not effected within 120 days. By order filed February 17, 2006, Judge Herlong was granted Plaintiff an additional thirty days to effect service on Sharp. A subsequent summons was returned unexecuted. Thus, Defendant Sharp was likewise not served within the additional thirty days granted by Judge Herlong and should be dismissed.

Now, therefore, it is recommended that the complaint herein be dismissed in accord with Federal Rule of Civil Procedure 4(m) for failure to prosecute.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
November 13, 2007